IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL          :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.              :

    v.                            : Civil Action No. DKC 10-1611

                                            :
ADVANCED SAFETY, INC., et al.
                                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") is Plaintiffs' motion for default judgment. (ECF No. 8). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs will be directed to supplement the motion for default judgment.

**I. Background**

Plaintiffs, the trustees of various trust funds associated with Sprinkler Fitters Local Union No. 669 ("the Funds"), are employee benefit plans within the meaning of § 3(3) of ERISA. *See* 29 U.S.C. § 1002(3). Defendants Advanced Safety, Inc., Advanced Safety, Inc., d/b/a Automatic Sprinkler, and Automatic Sprinkler are employers engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5), (12). The Funds were established and are maintained pursuant to the

Restated Agreements and Declarations of Trust ("the trust agreements") and a collective bargaining agreement between Sprinkler Fitters Local Union No. 669 and Defendants.

On June 17, 2010, Plaintiffs filed a complaint on behalf of the Funds alleging that Defendants breached the collective bargaining and trust agreements by failing to make contributions and/or submit contribution reports for certain months. According to the complaint, Defendants were required to make contributions to the Funds for "each hour of work by employees performing installation of automatic sprinkler systems." (ECF No. 1, ¶ 6). Additionally, Defendants were obligated to submit forms every month reporting the amount of contributions due. The trust agreements provide that if Defendants fail to submit contribution reports, the Funds are permitted to project "the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made." (*Id.* at ¶ 11). The agreements further provide that if an employer fails to make timely contributions, it must pay liquidated damages according to a specified formula: If payment is not received by the fifteenth day of the month in which it is due, the employer must pay liquidated damages of ten percent of the contribution amount; if the payment is not received by the

last working day of the month, the employer must pay an additional five percent; and if payment is not received by the fifteenth day of the following month, another five percent is owed as liquidated damages. (*Id.* at ¶ 15).

Plaintiffs allege that Defendants made partial payments, though late, for the months of June 2007, January 2008, and February 2008; that they made full, late payments for the months of July 2009 and October 2009; and that they failed to make any payments for December 2009 and January through March 2010. (*Id.* at ¶¶ 13, 14). In addition to the outstanding contributions, Plaintiffs seek liquidated damages and interest for late payments, as well as attorneys' fees and costs.

Plaintiffs served the summons and complaint on July 16, 2010. When Defendants failed to respond within the requisite time period, Plaintiffs moved for entry of default and default judgment. (ECF Nos. 7, 8). The clerk entered default against Defendants on March 25, 2011. Plaintiffs seek a default judgment for unpaid contributions in the amount of $18,289.92, liquidated damages of $15,472.22, interest of $3,018.32, attorneys' fees of $781.25, and costs of $405.00. (ECF No. 8, Attach. 1, at 2).

## II. Standard of Review

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

3

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies

4

the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**III. Analysis**

In their motion for default judgment, Plaintiffs seek a total award of $37,966.71, which consists of (1) unpaid

contributions totaling $18,289.92, (2) liquidated damages of $15,472.22, (3) interest of $3,018.32, (4) attorneys' fees of $781.25, and (5) and costs of $405.00. In support of these amounts, they submit the declaration of John P. Eger, Assistant Administrator of the Funds (ECF No. 8, Attach. 5); a spreadsheet ("Exhibit A") specifying unpaid contributions, liquidated damages, and interest pertaining to each of the relevant months (*id*. at Attach. 4); and the declaration of their attorney, Charles W. Gilligan, in support of their claim for attorneys' fees and costs (*id*. at Attach. 2).

In their complaint, Plaintiffs demand $18,289.92 in unpaid contributions, and they now seek default judgment in the same amount. Mr. Eger's declaration indicates the months in which Defendant failed to pay all or some of the contributions owed (ECF No. 8, Attach. 5, at ¶¶ 5-6), and Exhibit A specifies the amount of contributions owed for each of these months (*id*. at Attach. 4). Mr. Eger's declaration distinguishes two categories of unpaid contributions, each of which requires separate calculation: (1) unpaid contributions for those months in which Defendant submitted reports, and (2) the estimated contributions for the months that Defendant failed to submit reports. (*Id*. at Attach. 4, ¶¶ 5-8).

Plaintiffs do not provide sufficient evidence to show that Mr. Eger's calculation of $18,289.92 for unpaid contributions is

consistent with the trust agreements. With regard to the February and March 2010 unreported contributions, the trust agreements permit Plaintiffs to project the amount owed as "the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made. . . ." (ECF No. 8, Attach. 5, ¶ 7). Instead of following this formula, Mr. Eger's projections appear to be based, in part, on rates that were in effect during two months for which no payments were made, December 2009 and January 2010. (*See id.* at Attach. 4; Attach. 5, ¶ 8). These projections do not comply with the trust agreements because Mr. Eger's calculations are not based on the last three months for which payments were made. Thus, Plaintiffs have not shown that they are entitled to $18,289.92 for contributions owed. In order to prove damages for unpaid contributions, Plaintiffs must clarify why they seek unreported contributions for February and March 2010 based on rates in effect during December 2009 and January 2010 when no payments were made.

Further, the amounts of liquidated damages and interest to which Plaintiffs are entitled must be calculated based upon late or unpaid contributions. Because Plaintiffs have not proven damages for unpaid contributions, the court cannot determine an appropriate sum to award Plaintiffs for liquidated damages and interest.

7

**IV. Conclusion**

For the foregoing reasons, Plaintiffs will be directed to supplement the motion for default judgment. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
