IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL       :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.           :

    v.                          :   Civil Action No. DKC 10-1611

                                                 :

ADVANCED SAFETY, INC. d/b/a
AUTOMATIC SPRINKLER, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974 ("ERISA") is Plaintiffs' supplemental motion for default judgment. (ECF No. 12). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted.

**I. Background**

Plaintiffs are trustees of various trust funds associated with Sprinkler Fitters Local Union No. 669 ("the Funds"). The Funds are employee benefit plans within the meaning of § 3(3) of ERISA. *See* 29 U.S.C. § 1002(3). Defendants Advanced Safety, Inc., d/b/a Automatic Sprinkler, and Automatic Sprinkler are employers engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5), (12). The Funds were established and are maintained pursuant to the Restated Agreements and

Declarations of Trust ("the trust agreements") and a collective bargaining agreement between Sprinkler Fitters Local Union No. 669 and Defendants.

On June 17, 2010, Plaintiffs filed a complaint on behalf of the Funds alleging that Defendants breached the collective bargaining and trust agreements by failing to make contributions and/or submit contribution reports for certain months. According to the complaint, Defendants were required to make contributions to the Funds for "each hour of work by employees performing installation of automatic sprinkler systems." (ECF No. 1 ¶ 6). Additionally, Defendants were obligated to submit forms every month reporting the amount of contributions due. The trust agreements provide that if Defendants fail to submit contribution reports, the Funds are permitted to project "the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made." (*Id.* at ¶ 11). The agreements further provide that if an employer fails to make timely contributions, it must pay liquidated damages according to a specified formula: If payment is not received by the fifteenth day of the month in which it is due, the employer must pay liquidated damages of ten percent of

the contribution amount; if the payment is not received by the last working day of the month, the employer must pay an additional five percent; and if payment is not received by the fifteenth day of the following month, another five percent is owed as liquidated damages. (*Id.* at ¶ 15).

In their complaint, Plaintiffs allege that Defendants made partial payments, though late, for the months of June 2007, January 2008, and February 2008; that they made full, late payments for the months of July 2009 and October 2009; and that they failed to make any payments for December 2009 and January through March 2010. (*Id*. at ¶¶ 13, 14). In addition to the outstanding contributions, Plaintiffs seek liquidated damages and interest for late payments, as well as attorneys' fees and costs.

Plaintiffs served the summons and complaint on July 16, 2010. When Defendants failed to respond within the requisite time period, Plaintiffs moved for entry of default and default judgment. (ECF Nos. 7, 8). The clerk entered default against Defendants on March 25, 2011. On April 21, 2011, this court issued an order directing Plaintiffs to supplement their motion for default judgment to clarify why they sought unreported contributions for February and March 2010 based on rates in

effect in December 2009 and January 2010 when no payments were made during those months. (ECF Nos. 10, 11).

On May 2, 2011, Plaintiffs filed their supplemental motion for entry of default judgment. (ECF No. 12). In an accompanying memorandum, Plaintiffs state that they learned Defendants did not have any covered employees during the months of February and March 2010; accordingly, Plaintiffs are no longer seeking judgment for contributions, liquidated damages, and interest for the months of February and March 2010. (ECF No. 12-1). Plaintiffs seek a default judgment for unpaid contributions in the amount of $8,978.02, liquidated damages of $13,609.84, interest of $2,552.00, attorneys' fees of $781.25, and costs of $405.00. (ECF No. 12).

**II. Standard of Review**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does

4

not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a

5

complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**III. Analysis**

In their supplemental motion for default judgment, Plaintiffs seek a total award of $26,326.11, which consists of: (1) unpaid contributions totaling $8,978.02; (2) liquidated damages of $13,609.84; (3) interest of $2,552.00; (4) attorneys' fees of $781.25; and (5) costs of $405.00. In support of these amounts, they submit the declaration of John P. Eger, Assistant Administrator of the Funds (ECF No. 12-5); a spreadsheet ("Exhibit A") specifying unpaid contributions, liquidated

damages, and interest pertaining to each of the relevant months (ECF No. 12-4); and the declaration of their attorney, Charles W. Gilligan, in support of their claim for attorneys' fees and costs (ECF No. 12-2).

### A. Unpaid Contributions

Plaintiffs seek $8,978.02 in unpaid contributions for the months of June 2007, January 2008, February 2008, December 2009 and January 2010. (ECF No. 12 ¶ 1). In support of this request, Exhibit A sets forth the amounts of unpaid contributions for these months. The figures in Exhibit A are consistent with the figures requested in the complaint and the subtotals correspond with the amount requested in the supplemental motion for default judgment. Thus, the record supports Plaintiffs' request for $8,978.02 in unpaid contributions.

### B. Liquidated Damages

Plaintiffs seek $13,609.84 in liquidated damages assessed on late contributions for the months of June 2007, January 2008, February 2008, July 2009, October 2009, December 2009, and January 2010. (ECF No. 12 ¶ 2). In support of this request, Exhibit A demonstrates liquidated damages assessed for these months. These figures represent 20% of the late payments and are consistent with the complaint. (ECF No. 1 ¶ 15). The

7

figures in Exhibit A of the supplemental motion are consistent with the figures requested in the complaint and the subtotals correspond with the amount requested in the amended motion for default judgment. The record supports Plaintiffs' request for $13,609.84 in unpaid contributions.

**C. Interest**

Plaintiffs seek $2,552.00 in interest assessed on paid contributions at the rate of 12% per annum through May 5, 2011, and continuing to accrue. The interest is owed pursuant to 29 U.S.C. § 1132(g), the Restated Agreements and Declarations of Trust establishing the NASI Funds, and the guidelines for Participation in the NASI Funds. The figures listed in Exhibit A of the supplemental motion are consistent with the amount requested in the complaint. (ECF Nos. 1, 12-4). The record supports Plaintiffs' request for $2,552.00 in unpaid contributions.

**D. Attorneys' Fees**

Plaintiffs seek $781.25 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorney's Fees and Exhibit C, a spreadsheet of the hours billed by Plaintiff's counsel. (ECF Nos. 12-2, 12-6). Exhibit C indicates that the firm spent 6.5 hours on this case on behalf of the Plaintiffs at a rate of $100 per hour for paralegal time and $275 per hour for

attorney time. (ECF No. 12-6). The paralegals spent 5.75 hours on this case and the attorney spent .75 hours on this case. (ECF No. 12-6). The sum of $781.25 is accurate based on the rates and times listed by Exhibit C and is sufficiently supported by the Record.

    **E. Costs**

Plaintiffs seek $405.00 in costs. In support of this request, Plaintiffs submit Exhibit C, a spreadsheet of the costs incurred by Plaintiffs' counsel. (ECF No. 12-6). Exhibit C indicates that the costs included $350.00 for the complaint filing fee and $55.00 for the Private Process Server Fee. (ECF No. 12-6). The sum of $405.00 is accurate based on the figures listed in Exhibit C and is sufficiently supported by the record.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' supplemental motion for entry of default will be granted. A separate order will follow.

                                                      _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge